Whitaker, Judge,
dissenting:
I am unable to agree with the majority opinion. For a failure to complete the contract on time the defendant had two remedies: (1) It might permit the contractor to continue the work, in which event it was entitled to collect from him a stipulated sum as damages for the delay; (2) It might terminate the contractor’s right to proceed and itself take over the work.
When the plaintiff in the case at bar failed to complete his contract on time the defendant chose to allow him to continue the work. In such event, the contract expressly provides that the contractor shall become liable to the defendant for damages for the delay in a stipulated sum per day. TIis failure to complete the work on time was a continuing default until the work was actually completed. This default continued for 91 days, whereupon, the defendant availed itself of the other remedy provided for, to wit, *257 terminating the contractor’s right to proceed further and then taking over the work itself.
Upon the termination of the contract the provision for liquidated damages was no longer operative under our decisions in the cases cited in the majority opinion, but until the contract was terminated, this provision was operative. We have never held to the contrary. In none of the cases cited in the majority opinion was the contractor permitted to proceed beyond the limit of the contract period; hence, the provision for liquidated damages never became operative. But in this case it did become operative. It becomes inoperative only upon the date that the defendant cancels the contract.
It is my opinion, therefore, that the defendant is entitled to collect the stipulated damages from the expiration of the contract period to the date of termination and, in addition, is entitled to collect the excess costs incurred incident to its completion of the work.
I agree with the majority opinion that the defendant is entitled to include in the excess costs the salary of the architect who remained on the job.